UNION SAVINGS BANK v. DEPT.
of COMMERCE.

Ohio Appeals, 6th Dist., Williams Co.

No. 165. Decided Dec. 12, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

126. BANKS AND BANKING—216. Certificates—of Deposit—Where bank receives certificate of deposit issued by it, marks it paid and pays it by issuing draft on another bank, and, before draft is paid, is taken over by State banking department for liquidation, holder of draft has preferred claim against assets of closed bank.

Appeal from Common Pleas.
Decree for plaintiff.

D. A. Webster, Bryan, for Un. Sav. Bank.

E. C. Turner, Atty. Genl., L. F. Laylin and J. A. Godown, Columbus, and H. H. DeMuth, Bryan, for Dept. of Commerce.

### FULL TEXT.
WILLIAMS, J.

This cause comes into this court on appeal from the Court of Common Pleas. The agreed statement of facts and the evidence discloses the following:

Peter Contit and his wife, Sadie Contit, deposited with the plaintiff, The Union Savings Bank of Bryan, Ohio, certificates of deposit issued by the State Exchange Bank of Stryker, Ohio, aggregating $1,180.44, and there was issued therefor to Contit and his wife certificates of deposit on The Union Savings Bank for $1,145.00. The Union Savings Bank forwarded the said certificates issued by the State Exchange Bank to The Ohio Savings Bank & Trust Company at Toledo, which in turn forwarded them to the Federal Reserve Bank at Cleveland, which in turn forwarded them to the State Exchange Bank at Stryker, "with notice to collect and remit as provided by the rules and laws governing the banking business." Upon receipt of the certificates the State Exchange Bank, by rubber stamp, marked the certificates paid and drew a draft upon The Farmers' National Bank of Bryan, Ohio, in payment thereof and forwarded it to the Federal Reserve Bank at Cleveland, which in due course of business mailed the draft to the Farmers' National Bank at Bryan. On the same day that the latter bank received the draft it also received notice from the Superintendent of Banks not to honor the draft for the reason that the State Exchange Bank of Stryker had been taken over by the State Banking Department for liquidation. The Farmers' National Bank refused payment of the draft and it was protested and returned to the Federal Reserve Bank. There were

sufficient funds in the possession of The Farmers' National Bank to pay the draft at the time it was received and at the time the notice was given as aforesaid by the Superintendent of Banks.

The plaintiff in this case seeks to have its claim for the amount of the certificates of the State Exchange Bank adjudged and decreed to be a preferred claim against the assets of that bank.

Most of the cases cited by counsel dwell upon the question whether or not a bank which receives from a forwarder for collection drafts drawn on claims against a third person and collects money thereon from such third person to be remitted to the forwarder, is agent or debtor of the forwarder. These cases are not strictly applicable to the case at bar for we have presented to us the question whether or not there is a trust in the proceeds of a collection made by a collecting bank by marking "paid" certificates of deposit issued by it, charging the debtor's account therewith and forwarding draft on another bank for the amount of the proceeds. In other words, in the instant case the bank received certificates of deposit issued by it and paid them by issuing a draft on another bank. The question presented is, did the relation of debtor and creditor or that of principal and agent arise between the owner of the certificates and the bank issuing the draft. If the relation of principal and agent arose, there was a trust relation as to the proceeds.

It is true that a majority of the early cases take the view that the relation of debtor and creditor arises after the collection has actually been made by charging the debtor's account and issuing a draft for the amount of the collection. The recent cases, however, have generally held that after that is done a trust relation exists.

Federal Reserve Bank of Richmond v. Peters, 139 Va., 45; 123 S. E., 379;

Bank of Popular Bluffs v. Millspaugh, etc., 315 Mo., 412; 281 S. W., 733; 47 A. L. R., 754.

In the annotations to Bank of Poplar Bluffs v. Millspaugh, supra, and those found in 24 A. L. R., 1152 and 42 A. L. R., 754, the authorities are collected and the annotator and compiler points out correctly, as we believe, the trend of modern authorities upon this question.

Our investigation leads us to believe that reason and weight of authority sustains the rule that there is a trust relation, although a majority of the early cases held to the contrary. The question was an open one in Ohio at the time the transaction in question occurred. Since that time, however, the General Assembly of Ohio has provided that under such circumstances the assets of a closed bank shall be impressed with a trust for the payment of the draft. G. C. Section 713.

As the question was an open one in Ohio, we have taken the position that this court ought to adopt the rule which is most salutary and best supported by considerations of equity and justice. The defendant has cited G. C. Sections 8232 and 8294, under which a bill of exchange does not operate as an assignment of a fund until accepted, nor a check until it is accepted or certified. We think these sections are not of controlling importance in the instant case.

For the reasons indicated it will be ordered and adjudged that the claim of the plaintiff shall be a preferred claim upon the funds of the bank in litigation in the hands of the superintendent of banks.

(Richards and Lloyd, JJ., concur.)