## FULTON v HANKEY

Ohio Appeals, 6th Dist, Wood Co

Decided November 9, 1931

Gilbert Bettman, A. G., Frank T. Bow, Columbus, J. E. Kelley, Bowling Green, and Brown & Sanger and Sholto M. Douglas, Toledo, for plaintiff in error.

Bowman & James, Bowling Green, for defendant in error.

Elmer E. Davis, Toledo, amicus curiae.

RICHARDS, J.

We think there can be no doubt that under the common law such a transaction as is disclosed in this case, there being no fraud shown, created between the purchaser of the draft and the bank merely the relation of debtor and creditor. Such seems to be nearly the universal holding of the courts, and such a conclusion is more in accordance with the facts. The authorities are collected in an annotation found in 16 A. L. R. 190, and a supplementary annotation may be found in 57 A. L. R. 1168. It may be noted, however, that the latter annotation is appended to a case in which fraud was

shown to exist. See also annotation commencing in 73 A. L. R. 66.

It is urged, however, that the common law, denying a preference in cases where a draft is purchased for cash, has been changed in Ohio by virtue of §713 GC. We do not so interpret that section. By its terms it only applies to a case where a check is presented to a bank for collection and payment, and the statute can have no application to a case where a draft is purchased and paid for in cash. Whether the statute applies to a case in which a draft was purchased with the depositor's own check we need not now inquire, because the question is not involved in the case at bar and any opinion thereon would be wholly obiter.

The facts in **Union Savings Bank of Bryan v Department of Commerce, 34 Oh Ap 6,** 170 N. E. 186, decided by this court, are so different from those in the case at bar that the decision is not an authority in this case. We call attention, however, to the fact that the syllabus cites §713 GC, while the reference should be to §714 GC. The case last cited was affirmed by the Supreme Court in **119 Oh St 142,** 162 N. E. 423.

For the reasons given the judgment will be reversed, and proceeding to render the judgment which should have been rendered in the court of common pleas, it is adjudged that the claimant is not entitled to any preference.

Judgment reversed, and judgment for plaintiff in error.

LLOYD and WILLIAMS, JJ, concur.